IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOKIA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| APPLE INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Nokia Corporation ("Nokia"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, alleges as follows:

### INTRODUCTION

1.     This is an action brought by Nokia against Apple Inc. ("Apple") for Apple's infringement of Nokia's patents.   In particular, Nokia seeks remedies for Apple's infringement of Nokia's U.S. Patent Nos. 6,714,091 ("the 091 Patent"), 6,834,181 ("the 181 Patent"), 6,895,256 ("the 256 Patent"), 6,518,957 ("the 957 Patent"), 6,073,036 ("the 036 Patent"), 6,262,735 ("the 735 Patent"), and 6,924,789 ("the 789 Patent") (collectively, the "Asserted Patents").

2.     The Asserted Patents are sometimes referred to as "implementation patents" (as opposed to "essential patents," which are asserted in C.A. 09-791-GMS). Implementation patents are not essential to any relevant wireless communication standards, and, therefore, do not implicate contractual licensing obligations required by membership in many wireless communication standard setting organizations.   Nokia's implementation patents – including the Asserted Patents – are particularly important to Nokia's success because they permit Nokia to differentiate its products from those of its competitors.

## PARTIES

3.    Plaintiff Nokia is incorporated under the laws of Finland and has its principal place of business at Keilalahdentie 4, Espoo, Finland.

4.    Upon information and belief, Apple is a corporation duly organized and existing under the laws of the state of California and has a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION

5.    This is an action arising under the patent laws of the United States. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Apple because Apple has established minimum contacts with the forum.   Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been used, offered for sale, sold, and purchased in Delaware.  Apple, directly and/or through its distribution network, places electronic devices within the stream of commerce, which stream is directed at this district, with the knowledge and/or understanding that such products will be sold in the State of Delaware. Therefore, the exercise of jurisdiction over Apple would not offend traditional notions of fair play and substantial justice.

7.    Apple does business in this district, including providing products that are used, offered for sale, sold, and have been purchased in Delaware.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

2

**GENERAL ALLEGATIONS**

8.     Nokia owns by assignment the entire right, title, and interest in and to the Asserted Patents.

9.     Upon information and belief, Apple has infringed and continues to infringe each of the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not necessarily limited to one or more of making, using, selling and offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States, certain electronic devices, including, but not limited to Apple's iPhone 3G, iPhone 3GS, iPod Touch, iPod Nano, iPod Classic, iMac, Mac Pro, Mac Mini, MacBook, MacBook Pro, and MacBook Air.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 6,714,091**

10.     Nokia incorporates by reference the allegations set forth in paragraphs 1-9 as though fully set forth herein.

11.     The 091 Patent, entitled "VCO With Programmable Output Power," duly and lawfully issued on March 30, 2004.  Nokia is the current owner of all rights, title, and interest in the 091 Patent.  A copy of the 091 Patent is attached as Exhibit A.

12.     Apple has infringed and is infringing the 091 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices such as the Apple iPhone 3G and iPhone 3GS, that are covered by one or more claims of the 091 Patent.

13.     Apple reviewed Nokia's patent portfolio prior to the filing of this action, and, in addition, Nokia has identified various specific patents to Apple prior to Nokia's commencement of this lawsuit.

14.     Apple has contributed and is contributing to the infringement of the 091 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

15.     Apple has induced and is inducing the infringement of the 091 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

16.     Apple's infringement of the 091 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

17.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 091 Patent.

18.     Apple's infringement of the 091 Patent is exceptional and entitles Nokia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,834,181

19.     Nokia incorporates by reference the allegations set forth in paragraphs 1-18 as though fully set forth herein.

20.     The 181 Patent, entitled "Mobile Communication Device and Related Construction Method," duly and lawfully issued on December 21, 2004.  Nokia is the current owner of all rights, title, and interest in the 181 Patent.  A copy of the 181 Patent is attached as Exhibit B.

21.     Apple has infringed and is infringing the 181 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing,

without authority, products and services including electronic devices such as the Apple iPhone 3G and iPhone 3GS, that infringe one or more claims of the 181 Patent.

22.     Apple reviewed Nokia's patent portfolio prior to the filing of this action, and, in addition, Nokia has identified various specific patents to Apple prior to Nokia's commencement of this lawsuit.

23.     Apple has contributed and is contributing to the infringement of the 181 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

24.     Apple has induced and is inducing the infringement of the 181 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

25.     Apple's infringement of the 181 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

26.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 181 Patent.

27.     Apple's infringement of the 181 Patent is exceptional and entitles Nokia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 6,895,256**

28.     Nokia incorporates by reference the allegations set forth in paragraphs 1-27 as though fully set forth herein.

29.    The 256 Patent, entitled "Optimized Camera Sensor Architecture for a Mobile Telephone," duly and lawfully issued on May 17, 2005.  Nokia is the current owner of all rights, title, and interest in the 256 Patent.   A copy of the 256 Patent is attached as Exhibit C.

30.    Apple has infringed and is infringing the 256 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices such as the Apple iPhone 3G, iPhone 3GS, iPod Nano, MacBook, MacBook Pro, and MacBook Air, that infringe one or more claims of the 256 Patent.

31.    Apple reviewed Nokia's patent portfolio prior to the filing of this action, and, in addition, Nokia has identified various specific patents to Apple prior to Nokia's commencement of this lawsuit.

32.    Apple has contributed and is contributing to the infringement of the 256 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

33.    Apple has induced and is inducing the infringement of the 256 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

34.    Apple's infringement of the 256 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

35.    Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 256 Patent.

36.     Apple's infringement of the 256 Patent is exceptional and entitles Nokia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 6,518,957**

37.     Nokia incorporates by reference the allegations set forth in paragraphs 1-36 as though fully set forth herein.

38.     The 957 Patent, entitled "Communications Device with Touch Sensitive Screen," duly and lawfully issued on February 11, 2003. Nokia is the current owner of all rights, title, and interest in the 957 Patent. A copy of the 957 Patent is attached as Exhibit D.

39.     Apple has infringed and is infringing the 957 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices such as the Apple iPhone 3G and iPhone 3GS, that infringe one or more claims of the 957 Patent.

40.     Apple reviewed Nokia's patent portfolio prior to the filing of this action, and, in addition, Nokia has identified various specific patents to Apple prior to Nokia's commencement of this lawsuit.

41.     Apple has contributed and is contributing to the infringement of the 957 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

42.     Apple has induced and is inducing the infringement of the 957 Patent by others in this District and elsewhere in the United States. The direct infringement occurs by the activities of end users of the accused products.

43.     Apple's infringement of the 957 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

44.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 957 Patent.

45.     Apple's infringement of the 957 Patent is exceptional and entitles Nokia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 6,073,036

46.     Nokia incorporates by reference the allegations set forth in paragraphs 1-45 as though fully set forth herein.

47.     The 036 Patent, entitled "Mobile Station with Touch Input Having Automatic Symbol Magnification Function," duly and lawfully issued on June 6, 2000.  Nokia is the current owner of all rights, title, and interest in the 036 Patent.  A copy of the 036 Patent is attached as Exhibit E.

48.     Apple has infringed and is infringing the 036 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices such as the Apple iPhone 3G, iPhone 3GS, and iPod Touch, that infringe one or more claims of the 036 Patent.

49.     Apple reviewed Nokia's patent portfolio prior to the filing of this action, and, in addition, Nokia has identified various specific patents to Apple prior to Nokia's commencement of this lawsuit.

50.     Apple has contributed and is contributing to the infringement of the 036 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

51.    Apple has induced and is inducing the infringement of the 036 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

52.    Apple's infringement of the 036 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

53.    Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 036 Patent.

54.    Apple's infringement of the 036 Patent is exceptional and entitles Nokia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI
## INFRINGEMENT OF U.S. PATENT NO. 6,262,735

55.    Nokia incorporates by reference the allegations set forth in paragraphs 1-54 as though fully set forth herein.

56.    The 735 Patent, entitled "Utilizing the Contents of a Message," duly and lawfully issued on July 17, 2001.  Nokia is the current owner of all rights, title, and interest in the 735 Patent.  A copy of the 735 Patent is attached as Exhibit F.

57.    Apple has infringed and is infringing the 735 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices such as the Apple iPhone 3G, iPhone 3GS, iPod Touch, MacBook, MacBook Pro, MacBook Air, iMac, Mac Mini, and Mac Pro, that infringe one or more claims of the 735 Patent.

58.     Apple reviewed Nokia's patent portfolio prior to the filing of this action, and, in addition, Nokia has identified various specific patents to Apple prior to Nokia's commencement of this lawsuit.

59.     Apple has contributed and is contributing to the infringement of the 735 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

60.     Apple has induced and is inducing the infringement of the 735 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

61.     Apple's infringement of the 735 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

62.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 735 Patent.

63.     Apple's infringement of the 735 Patent is exceptional and entitles Nokia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII
## INFRINGEMENT OF U.S. PATENT NO. 6,924,789

64.     Nokia incorporates by reference the allegations set forth in paragraphs 1-63 as though fully set forth herein.

65.     The 789 Patent, entitled "User Interface Device," duly and lawfully issued on August 2, 2005.  Nokia is the current owner of all rights, title, and interest in the 789 Patent.  A copy of the 789 Patent is attached as Exhibit G.

66.     Apple has infringed and is infringing the 789 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services including electronic devices such as the Apple iPod Nano and iPod Classic, that infringe one or more claims of the 789 Patent.

67.     Apple reviewed Nokia's patent portfolio prior to the filing of this action, and, in addition, Nokia has identified various specific patents to Apple prior to Nokia's commencement of this lawsuit.

68.     Apple has contributed and is contributing to the infringement of the 789 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

69.     Apple has induced and is inducing the infringement of the 789 Patent by others in this District and elsewhere in the United States.  The direct infringement occurs by the activities of end users of the accused products.

70.     Apple's infringement of the 789 Patent has caused and continues to cause damage to Nokia in an amount to be determined at trial.

71.     Apple's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Nokia for which there is no adequate remedy at law.  Unless enjoined by this Court, Apple will continue to infringe the 789 Patent.

72.     Apple's infringement of the 789 Patent is exceptional and entitles Nokia to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

73.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Nokia demands a trial by jury of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Nokia prays for judgment and seeks relief against Apple as follows:

(a)     That the Asserted Patents have been and continue to be directly and/or indirectly infringed by Apple;

(b)     That the Asserted Patents are not invalid and are enforceable;

(c)     For all damages sustained as a result of Apple's infringement of Nokia's patents as herein alleged;

(d)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(e)     For a permanent injunction enjoining Apple, its officers, agents, servants, employees and all other persons acting in concert or participation with it from further infringement, contributory infringement, and inducement of infringement of the Asserted Patents.

(f)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(g)     For all costs of suit; and

(h)     For such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNEL LLP

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

*Attorneys for Plaintiff Nokia Corporation*

OF COUNSEL:

Patrick J. Flinn
John D. Haynes
ALSTON & BIRD LLP
One Atlantic Center
1201 Peachtree Street
Atlanta, GA  30309
(404) 881-7000

Alan L. Whitehurst
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, N.W.
Washington, DC  20004
(202) 756-3300

December 29, 2009