## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOKIA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 09-1002-GMS |
| | ) |
| APPLE INC., | )    **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |
| APPLE INC., | ) |
| | ) |
| Counterclaim-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NOKIA CORPORATION and NOKIA INC., | ) |
| | ) |
| Counterclaim-Defendants. | ) |

### APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant Apple Inc. ("Apple") hereby responds to each numbered paragraph of the Complaint as follows:

### INTRODUCTION[1]

1.     Paragraph 1 contains no allegation to which a response is required. To the extent a response is required, Apple denies that it has infringed any of the asserted Nokia patents and denies that Nokia is entitled to any remedy.

2.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

---

[1]    For convenience and clarity, Apple's Answer utilizes the same headings as set forth in Nokia's Complaint. In so doing, Apple does not admit any of the allegations contained in Nokia's headings.

## PARTIES

3.　　　Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4.　　　Apple admits the allegations of Paragraph 4.

## JURISDICTION

5.　　　Apple admits that this Court has subject matter jurisdiction over Nokia's claims.

6.　　　Apple admits that this Court may exercise personal jurisdiction over Apple.

7.　　　Apple admits that its products are used, offered for sale, sold, and have been purchased in Delaware. Apple admits, for purposes of this action only, that venue is proper in this District.

## GENERAL ALLEGATIONS

8.　　　Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.　　　Apple denies the allegations in Paragraph 9.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,714,091

10.　　　Apple incorporates by reference its responses as set forth in Paragraphs 1-9 of the Answer as if set forth fully herein.

11.　　　Apple admits that U.S. Patent No. 6,714,091 ("'091 patent") is entitled "VCO With Programmable Output Power"; that the '091 patent indicates that it was issued by the United States Patent and Trademark Office ("USPTO") on March 30, 2004; and that an uncertified copy of the '091 Patent is attached to the Complaint as Exhibit A. Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of

all rights, title, and interest in the '091 Patent.  Apple denies the remaining allegations contained in Paragraph 11.

    12.    Apple denies the allegations of Paragraph 12.

    13.    Apple denies the allegations of Paragraph 13.

    14.    Apple denies the allegations of Paragraph 14.

    15.    Apple denies the allegations of Paragraph 15.

    16.    Apple denies the allegations of Paragraph 16.

    17.    Apple denies the allegations of Paragraph 17.

    18.    Apple denies the allegations of Paragraph 18.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,834,181

    19.    Apple incorporates by reference its responses as set forth in Paragraphs 1-18 of the Answer as if set forth fully herein.

    20.    Apple admits that U.S. Patent No. 6,834,181 ("'181 patent") is entitled "Mobile Communication Device and Related Construction Method"; that the '181 patent indicates that it was issued by the USPTO on December 21, 2004; and that an uncertified copy of the '181 Patent is attached to the Complaint as Exhibit B.  Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '181 Patent.  Apple denies the remaining allegations contained in Paragraph 20.

    21.    Apple denies the allegations of Paragraph 21.

    22.    Apple denies the allegations of Paragraph 22.

    23.    Apple denies the allegations of Paragraph 23.

    24.    Apple denies the allegations of Paragraph 24.

25.     Apple denies the allegations of Paragraph 25.

26.     Apple denies the allegations of Paragraph 26.

27.     Apple denies the allegations of Paragraph 27.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,895,256

28.     Apple incorporates by reference its responses as set forth in Paragraphs 1-27 of the Answer as if set forth fully herein.

29.     Apple admits that U.S. Patent No. 6,895,256 ("'256 patent") is entitled "Optimized Camera Sensor Architecture for a Mobile Telephone"; that the '256 patent indicates that it was issued by the USPTO on May 17, 2005; and that an uncertified copy of the '256 Patent is attached to the Complaint as Exhibit C. Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '256 Patent. Apple denies the remaining allegations contained in Paragraph 29.

30.     Apple denies the allegations of Paragraph 30.

31.     Apple denies the allegations of Paragraph 31.

32.     Apple denies the allegations of Paragraph 32.

33.     Apple denies the allegations of Paragraph 33.

34.     Apple denies the allegations of Paragraph 34.

35.     Apple denies the allegations of Paragraph 35.

36.     Apple denies the allegations of Paragraph 36.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 6,518,957

37.     Apple incorporates by reference its responses as set forth in Paragraphs 1-36 of the Answer as if set forth fully herein.

38.     Apple admits that U.S. Patent No. 6,518,957 ("'957 patent") is entitled "Communications Device with Touch Sensitive Screen"; that the '957 patent indicates that it was issued by the USPTO on February 11, 2003; and that an uncertified copy of the '957 Patent is attached to the Complaint as Exhibit D. Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '957 Patent. Apple denies the remaining allegations contained in Paragraph 38.

39.     Apple denies the allegations of Paragraph 39.

40.     Apple denies the allegations of Paragraph 40.

41.     Apple denies the allegations of Paragraph 41.

42.     Apple denies the allegations of Paragraph 42.

43.     Apple denies the allegations of Paragraph 43.

44.     Apple denies the allegations of Paragraph 44.

45.     Apple denies the allegations of Paragraph 45.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 6,073,036

46.     Apple incorporates by reference its responses as set forth in Paragraphs 1-45 of the Answer as if set forth fully herein.

47.     Apple admits that U.S. Patent No. 6,073,036 ("'036 patent") is entitled "Mobile Station with Touch Input Having Automatic Symbol Magnification Function"; that the '036

patent indicates that it was issued by the USPTO on June 6, 2000; and that an uncertified copy of the '036 Patent is attached to the Complaint as Exhibit E.  Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '036 Patent.  Apple denies the remaining allegations contained in Paragraph 47.

48.     Apple denies the allegations of Paragraph 48.

49.     Apple denies the allegations of Paragraph 49.

50.     Apple denies the allegations of Paragraph 50.

51.     Apple denies the allegations of Paragraph 51.

52.     Apple denies the allegations of Paragraph 52.

53.     Apple denies the allegations of Paragraph 53.

54.     Apple denies the allegations of Paragraph 54.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 6,262,735

55.     Apple incorporates by reference its responses as set forth in Paragraphs 1-54 of the Answer as if set forth fully herein.

56.     Apple admits that U.S. Patent No. 6,262,735 ("'735 patent") is entitled "Utilizing the Contents of a Message"; that the '735 patent indicates that it was issued by the USPTO on July 17, 2001; and that an uncertified copy of the '735 Patent is attached to the Complaint as Exhibit F.  Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '735 Patent.  Apple denies the remaining allegations contained in Paragraph 56.

57.     Apple denies the allegations of Paragraph 57.

58.     Apple denies the allegations of Paragraph 58.

59.     Apple denies the allegations of Paragraph 59.

60.     Apple denies the allegations of Paragraph 60.

61.     Apple denies the allegations of Paragraph 61.

62.     Apple denies the allegations of Paragraph 62.

63.     Apple denies the allegations of Paragraph 63.

**COUNT VII**

**INFRINGEMENT OF U.S. PATENT NO. 6,924,789**

64.     Apple incorporates by reference its responses as set forth in Paragraphs 1-63 of the Answer as if set forth fully herein.

65.     Apple admits that U.S. Patent No. 6,924,789 ("'789 patent") is entitled "User Interface Device"; that the '789 patent indicates that it was issued by the USPTO on August 2, 2005; and that an uncertified copy of the '789 Patent is attached to the Complaint as Exhibit G. Apple lacks knowledge or information sufficient to form a belief as to whether Nokia is the current owner of all rights, title, and interest in the '789 Patent. Apple denies the remaining allegations contained in Paragraph 65.

66.     Apple denies the allegations of Paragraph 66.

67.     Apple denies the allegations of Paragraph 67.

68.     Apple denies the allegations of Paragraph 68.

69.     Apple denies the allegations of Paragraph 69.

70.     Apple denies the allegations of Paragraph 70.

71.     Apple denies the allegations of Paragraph 71.

72.     Apple denies the allegations of Paragraph 72.

## DEMAND FOR JURY TRIAL

73.   Paragraph 73 contains no allegations as to which a response is required.

## PRAYER FOR RELIEF

Apple denies that Nokia is entitled to any relief requested in its Prayer for Relief.

## APPLE'S DEFENSES TO NOKIA'S COMPLAINT

On information and belief, Apple asserts the following defenses to Nokia's Complaint:

### First Defense (Non-Infringement)

Nokia is not entitled to any relief against Apple because Apple has not directly or indirectly infringed any valid claim of the '091 Patent, the '181 Patent, the '256 Patent, the '957 Patent, the '036 Patent, the '735 Patent, and the '789 Patent (collectively, the "Nokia Asserted Patents").

### Second Defense (Invalidity)

One or more of the claims of the Nokia Asserted Patents are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and 112.

### Third Defense (Unenforceability)

One or more of the Nokia Asserted Patents are unenforceable against Apple because of estoppel, laches, waiver, unclean hands, and/or other applicable equitable doctrines.

### Fourth Defense (Limitation of Damages)

Nokia's right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286 and 287.

## COUNTERCLAIMS

Plaintiff-in-counterclaim Apple, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Nokia Corporation and Nokia Inc. (collectively, "Nokia") as follows:

### PARTIES

1.       Apple is a corporation organized under the laws of the State of California and its principal place of business is in Cupertino, California.

2.       According to Nokia's Complaint, Nokia Corporation is incorporated under the laws of Finland and has its principal place of business in Finland. Nokia Inc., Nokia Corporation's wholly owned United States subsidiary, is incorporated in Delaware, with a principal place of business in Texas.

### JURISDICTION AND VENUE

3.       The Court has jurisdiction over this counterclaim pursuant to the Federal Patent Act, 28 U.S.C. §§ 1338(a), 2201, and 2202, and 28 U.S.C. §§ 1331, 1337.

4.       Nokia Corporation has subjected itself to personal jurisdiction by suing Apple in this District, and, in any event, Nokia Inc. and Nokia Corporation are subject to personal jurisdiction because they place wireless communication devices in the stream of commerce knowing that such products will be sold in the State of Delaware.

5.       Venue is proper in this District under 28 U.S.C. § 1391 and § 1400(b).

6.       Nokia claims to be the owner of all rights, titles, and interests in and to U.S. Patent No. 6,714,091 ("'091 Patent"), U.S. Patent No. 6,834,181 ("'181 Patent"), U.S. Patent No. 6,895,256 ("'256 Patent"), U.S. Patent No. 6,518,957 ("'957 Patent"), U.S. Patent No. 6,073,036 ("'036 Patent"), U.S. Patent No. 6,262,735 ("'735 Patent"), and U.S. Patent No. 6,924,789

("'789 Patent") (collectively, the "Nokia Asserted Patents").  Nokia has accused Apple of infringement of the Nokia Asserted Patents.

    7.    An actual case or controversy exists between the parties concerning the infringement, validity, and enforceability of one or more of the claims of the Nokia Asserted Patents.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '091 Patent)

    8.    Apple repeats and realleges the allegations of Paragraphs 1 – 7 as if set forth fully herein.

    9.    Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '091 Patent.

    10.    To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '091 Patent.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '091 Patent)

    11.    Apple repeats and realleges the allegations of Paragraphs 1 – 10 as if set forth fully herein.

    12.    One or more claims of the '091 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

13.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '091 Patent is invalid.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '181 Patent)

14.     Apple repeats and realleges the allegations of Paragraphs 1 – 13 as if set forth fully herein.

15.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '181 Patent.

16.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '181 Patent.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '181 Patent)

17.     Apple repeats and realleges the allegations of Paragraphs 1 – 16 as if set forth fully herein.

18.     One or more claims of the '181 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

19.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '181 Patent is invalid.

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '256 Patent)

20.     Apple repeats and realleges the allegations of Paragraphs 1 – 19 as if set forth fully herein.

21.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '256 Patent.

22.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '256 Patent.

## SIXTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '256 Patent)

23.     Apple repeats and realleges the allegations of Paragraphs 1 – 22 as if set forth fully herein.

24.     One or more claims of the '256 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

25.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '256 Patent is invalid.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '957 Patent)

26.     Apple repeats and realleges the allegations of Paragraphs 1 – 25 as if set forth fully herein.

27.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '957 Patent.

28.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '957 Patent.

## EIGHTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '957 Patent)

29.     Apple repeats and realleges the allegations of Paragraphs 1 – 28 as if set forth fully herein.

30.     One or more claims of the '957 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

31.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '957 Patent is invalid.

## NINTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '036 Patent)

32.     Apple repeats and realleges the allegations of Paragraphs 1 – 31 as if set forth fully herein.

33.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '036 Patent.

34.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '036 Patent.

## TENTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '036 Patent)

35.     Apple repeats and realleges the allegations of Paragraphs 1 – 34 as if set forth fully herein.

36.     One or more claims of the '036 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

37.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '036 Patent is invalid.

## ELEVENTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '735 Patent)

38.     Apple repeats and realleges the allegations of Paragraphs 1 – 37 as if set forth fully herein.

39.     Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '735 Patent.

40.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '735 Patent.

## TWELFTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '735 Patent)

41.     Apple repeats and realleges the allegations of Paragraphs 1 – 40 as if set forth fully herein.

42.     One or more claims of the '735 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

43.     To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '735 Patent is invalid.

## THIRTEENTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '789 Patent)

44.    Apple repeats and realleges the allegations of Paragraphs 1 – 43 as if set forth fully herein.

45.    Apple has not directly or indirectly infringed and is not directly or indirectly infringing any valid claim of the '789 Patent.

46.    To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '789 Patent.

## FOURTEENTH CAUSE OF ACTION

### (Declaratory Judgment of Invalidity of the '789 Patent)

47.    Apple repeats and realleges the allegations of Paragraphs 1 – 46 as if set forth fully herein.

48.    One or more claims of the '789 Patent are invalid for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, §§ 101, 102, 103, and/or 112.

49.    To resolve the legal and factual questions raised by Nokia and to afford relief from the uncertainty and controversy that Nokia's accusations have precipitated, Apple is entitled to a declaratory judgment that the '789 Patent is invalid.

## FIFTEENTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 5,379,431)

50.     Apple repeats and realleges the allegations of Paragraphs 1 – 49 as if set forth fully herein.

51.     On January 3, 1995, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,379,431 (the "'431 Patent") entitled Boot Framework Architecture for Dynamic Staged Initial Program Load.  A copy of the '431 Patent is attached as Exhibit A.  By assignment, Apple has acquired and continues to maintain all rights, title, and interest in and to the '431 Patent, including the right to sue and collect for damages for past infringement.

52.     Nokia has infringed and continues to infringe at least one claim of the '431 Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling, offering for sale and/or importing into the United States products and/or services that infringe one or more of the claims of the '431 Patent, contributorily where the direct infringement occurs by the activities of the end users of the products or services, by inducement where the direct infringement occurs by the activities of the end users of the products or services or otherwise, in violation of 35 U.S.C. § 271.  The infringing Nokia products or services include, but are not limited to, Nokia products having software based on a software platform known as S60 (Symbian OS), including, but not limited to, the Nokia N97 mini, N97, N95, N86, N85, N79, 5800 XpressMusic, 5800 Navigation Edition, E75, E72, E71x, E71, E66, and E63.

53.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition Apple identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

54.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '431 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

55.     Nokia's continued infringement of the '431 Patent has and will continue to cause irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

## SIXTEENTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 5,455,599)

56.     Apple repeats and realleges the allegations of Paragraphs 1 – 55 as if set forth fully herein.

57.     On October 3, 1995, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,455,599 (the "'599 Patent") entitled Object-Oriented Graphic System. A copy of the '599 Patent is attached as Exhibit B. By assignment, Apple has acquired and continues to maintain all rights, title, and interest in and to the '599 Patent, including the right to sue and collect for damages for past infringement.

58.     Nokia has infringed and continues to infringe at least one claim of the '599 Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling, offering for sale and/or importing into the United States products and/or services that infringe one or more of the claims of the '599 Patent, contributorily where the direct infringement occurs by the activities of the end users of the products or services, by inducement where the direct infringement occurs by the activities of the end users of the products or services or otherwise, in violation of 35 U.S.C. § 271. The infringing Nokia products or services include, but are not limited to, Nokia products having software based on a software platform known as S60

(Symbian OS) and Nokia's Qt software (and products that incorporate the Qt software),

including, but not limited to, the Nokia N97 mini, N97, N95, N86, N85, N79, 5800

XpressMusic, 5800 Navigation Edition, E75, E72, E71x, E71, E66, and E63.

59.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in

addition Apple identified various specific patents to Nokia prior to Nokia's commencement of

this lawsuit.

60.     Nokia has engaged in and/or is now engaging in willful and deliberate

infringement of the '599 Patent that justifies an increase of up to three times the damages to be

assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case

supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

61.     Nokia's continued infringement of the '599 Patent has and will continue to cause

irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

### SEVENTEENTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 5,519,867)

62.     Apple repeats and realleges the allegations of Paragraphs 1 – 61 as if set forth

fully herein.

63.     On May 21, 1996, the United States Patent and Trademark Office ("USPTO")

duly and legally issued U.S. Patent No. 5,519,867 (the "'867 Patent") entitled Object-Oriented

Multitasking System. A copy of the '867 Patent is attached as Exhibit C. By assignment, Apple

has acquired and continues to maintain all rights, title, and interest in and to the '867 Patent,

including the right to sue and collect for damages for past infringement.

64.     Nokia has infringed and continues to infringe at least one claim of the '867

Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling,

offering for sale and/or importing into the United States products and/or services that infringe one or more of the claims of the '867 Patent, contributorily where the direct infringement occurs by the activities of the end users of the products or services, by inducement where the direct infringement occurs by the activities of the end users of the products or services or otherwise, in violation of 35 U.S.C. § 271. The infringing Nokia products or services include, but are not limited to, Nokia products having software based on a software platform known as Series 40, including, but not limited to, the 7610 Supernova, 3600 Slide, and 2760.

65.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition Apple identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

66.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '867 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

67.     Nokia's continued infringement of the '867 Patent has and will continue to cause irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

## EIGHTEENTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 5,915,131)

68.     Apple repeats and realleges the allegations of Paragraphs 1 – 67 as if set forth fully herein.

69.     On June 22, 1999, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,915,131 (the "'131 Patent") entitled Method and Apparatus for Handling I/O Requests Utilizing Separate Programming Interfaces to Access

Separate I/O Service. A copy of the '131 Patent is attached as Exhibit D. By assignment, Apple has acquired and continues to maintain all rights, title, and interest in and to the '131 Patent, including the right to sue and collect for damages for past infringement.

70.     Nokia has infringed and continues to infringe at least one claim of the '131 Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling, offering for sale and/or importing into the United States products and/or services that infringe one or more of the claims of the '131 Patent, contributorily where the direct infringement occurs by the activities of the end users of the products or services, by inducement where the direct infringement occurs by the activities of the end users of the products or services or otherwise, in violation of 35 U.S.C. § 271. The infringing Nokia products or services include, but are not limited to, Nokia products having software based on a software platform known as S60 (Symbian OS), including, but not limited to, the Nokia N97 mini, N97, N95, N86, N85, N79, 5800 XpressMusic, 5800 Navigation Edition, E75, E72, E71x, E71, E66, and E63.

71.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition Apple identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

72.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '131 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

73.     Nokia's continued infringement of the '131 Patent has and will continue to cause irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

## NINETEENTH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 5,920,726)

74.     Apple repeats and realleges the allegations of Paragraphs 1 – 73 as if set forth fully herein.

75.     On July 6, 1999, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,920,726 (the "'726 Patent") entitled System and Method for Managing Power Conditions Within A Digital Camera Device. A copy of the '726 Patent is attached as Exhibit E. By assignment, Apple has acquired and continues to maintain all rights, title, and interest in and to the '726 Patent, including the right to sue and collect for damages for past infringement.

76.     Nokia has infringed and continues to infringe at least one claim of the '726 Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling, offering for sale and/or importing into the United States products and/or services that infringe one or more of the claims of the '726 Patent, contributorily where the direct infringement occurs by the activities of the end users of the products or services, by inducement where the direct infringement occurs by the activities of the end users of the products or services or otherwise, in violation of 35 U.S.C. § 271. The infringing Nokia products or services include, but are not limited to, the Nokia N900 product.

77.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition Apple identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

78.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '726 Patent that justifies an increase of up to three times the damages to be

assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case

supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

79.     Nokia's continued infringement of the '726 Patent has and will continue to cause

irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

### TWENTIETH CAUSE OF ACTION

### (Infringement of U.S. Patent No. 5,969,705)

80.     Apple repeats and realleges the allegations of Paragraphs 1 – 79 as if set forth

fully herein.

81.     On October 19, 1999, the United States Patent and Trademark Office ("USPTO")

duly and legally issued U.S. Patent No. 5,969,705 (the "'705 Patent") entitled Message Protocol

for Controlling a User Interface from an Inactive Application Program. A copy of the '705

Patent is attached as Exhibit F. By assignment, Apple has acquired and continues to maintain all

rights, title, and interest in and to the '705 Patent, including the right to sue and collect for

damages for past infringement.

82.     Nokia has infringed and continues to infringe at least one claim of the '705

Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling,

offering for sale and/or importing into the United States products and/or services that infringe

one or more of the claims of the '705 Patent, contributorily where the direct infringement occurs

by the activities of the end users of the products or services, by inducement where the direct

infringement occurs by the activities of the end users of the products or services or otherwise, in

violation of 35 U.S.C. § 271. The infringing Nokia products or services include, but are not

limited to, Nokia products having software based on a software platform known as S60

(Symbian OS), including, but not limited to, the Nokia N97 mini, N97, N95, N86, N85, N79, 5800 XpressMusic, 5800 Navigation Edition, E75, E72, E71x, E71, E66, and E63.

83.     Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition Apple identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

84.     Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '705 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

85.     Nokia's continued infringement of the '705 Patent has and will continue to cause irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

## TWENTY-FIRST CAUSE OF ACTION

### (Infringement of U.S. Patent No. 6,343,263)

86.     Apple repeats and realleges the allegations of Paragraphs 1 – 85 as if set forth fully herein.

87.     On January 29, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,343,263 (the "'263 Patent") entitled Real-Time Signal Processing System for Serially-Transmitted Data.  A copy of the '263 Patent is attached as Exhibit G.  By assignment, Apple has acquired and continues to maintain all rights, title, and interest in and to the '263 Patent, including the right to sue and collect for damages for past infringement.

88.     Nokia has infringed and continues to infringe at least one claim of the '263 Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling,

offering for sale and/or importing into the United States products and/or services that infringe

one or more of the claims of the '263 Patent, contributorily where the direct infringement occurs

by the activities of the end users of the products or services, by inducement where the direct

infringement occurs by the activities of the end users of the products or services or otherwise, in

violation of 35 U.S.C. § 271. The infringing Nokia products or services include, but are not

limited to, Nokia products having software based on a software platform known as S60

(Symbian OS), including, but not limited to, the Nokia N97 mini, N97, N95, N86, N85, N79,

5800 XpressMusic, 5800 Navigation Edition, E75, E72, E71x, E71, E66, and E63.

89.    Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in

addition Apple identified various specific patents to Nokia prior to Nokia's commencement of

this lawsuit.

90.    Nokia has engaged in and/or is now engaging in willful and deliberate

infringement of the '263 Patent that justifies an increase of up to three times the damages to be

assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case

supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

91.    Nokia's continued infringement of the '263 Patent has and will continue to cause

irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

**TWENTY-SECOND CAUSE OF ACTION**

**(Infringement of U.S. Patent No. 6,424,354)**

92.    Apple repeats and realleges the allegations of Paragraphs 1 – 91 as if set forth

fully herein.

93.    On July 23, 2002, the United States Patent and Trademark Office ("USPTO")

duly and legally issued U.S. Patent No. 6,424,354 (the "'354 Patent") entitled Object-Oriented

Event Notification System with Listener Registration of Both Interests and Methods. A copy of the '354 Patent is attached as Exhibit H. By assignment, Apple has acquired and continues to maintain all rights, title, and interest in and to the '354 Patent, including the right to sue and collect for damages for past infringement.

94.      Nokia has infringed and continues to infringe at least one claim of the '354 Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling, offering for sale and/or importing into the United States products and/or services that infringe one or more of the claims of the '354 Patent, contributorily where the direct infringement occurs by the activities of the end users of the products or services, by inducement where the direct infringement occurs by the activities of the end users of the products or services or otherwise, in violation of 35 U.S.C. § 271. The infringing Nokia products or services include, but are not limited to, Nokia products having software based on a software platform known as S60 (Symbian OS), including, but not limited to, the Nokia N97 mini, N97, N95, N86, N85, N79, 5800 XpressMusic, 5800 Navigation Edition, E75, E72, E71x, E71, E66, and E63.

95.      Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition Apple identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit, including the '354 Patent.

96.      Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '354 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

97.      Nokia's continued infringement of the '354 Patent has and will continue to cause irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

## TWENTY-THIRD CAUSE OF ACTION

### (Infringement of U.S. Patent No. RE 39,486)

98.     Apple repeats and realleges the allegations of Paragraphs 1 – 97 as if set forth fully herein.

99.     On February 26, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. RE 39,486 (the "'486 Patent") entitled Extensible, Replaceable Network Component System. A copy of the '486 Patent is attached as Exhibit I. By assignment, Apple has acquired and continues to maintain all rights, title, and interest in and to the '486 Patent, including the right to sue and collect for damages for past infringement.

100.    Nokia has infringed and continues to infringe at least one claim of the '486 Patent, either literally or by the doctrine of equivalents, either directly by making, using, selling, offering for sale and/or importing into the United States products and/or services that infringe one or more of the claims of the '486 Patent, contributorily where the direct infringement occurs by the activities of the end users of the products or services, by inducement where the direct infringement occurs by the activities of the end users of the products or services or otherwise, in violation of 35 U.S.C. § 271. The infringing Nokia products or services include, but are not limited to, Nokia products having software based on a software platform known as S60 (Symbian OS), including, but not limited to, the Nokia N97 mini, N97, N95, N86, N85, N79, 5800 XpressMusic, 5800 Navigation Edition, E75, E72, E71x, E71, E66, and E63.

101.    Nokia reviewed Apple's patent portfolio prior to its filing of this action, and, in addition Apple identified various specific patents to Nokia prior to Nokia's commencement of this lawsuit.

102.    Nokia has engaged in and/or is now engaging in willful and deliberate infringement of the '486 Patent that justifies an increase of up to three times the damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

103.    Nokia's continued infringement of the '486 Patent has and will continue to cause irreparable injury to Apple unless Nokia's infringement activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Apple requests that the Court:

a.    Dismiss the Complaint in its entirety, with prejudice;

b.    Enter judgment in favor of Apple and against Nokia;

c.    Declare that Apple has not infringed, and is not infringing, each of the Nokia Asserted Patents;

d.    Declare that one or more of the claims of each of the Nokia Asserted Patents are invalid, void, and/or unenforceable against Apple;

e.    Declare that Nokia has infringed one or more claims of each of U.S. Patent Nos. 5,379,431; 5,455,599; 5,519,867; 5,915,131; 5,920,726; 5,969,705; 6,343,263; 6,424,354; and RE 39,486 (collectively, the "Apple Asserted Patents");

f.    Declare that Nokia's infringement of one or more claims of the Apple Asserted Patents is and/or has been willful;

g.    Award a preliminary and permanent injunction prohibiting Nokia, its subsidiaries, divisions, agents, servants, employees, and those in privity with Nokia from infringing, contributing to the infringement of, and inducing infringement of the Apple Asserted Patents, and for further proper injunctive relief.

       h.      Award to Apple damages for Nokia's infringement with interest, as well

as costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this

action, pursuant to 35 U.S.C. § 285;

       i      Award Apple treble damages pursuant to 35 U.S.C. § 284; and

       j.      Grant such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

    Plaintiff Apple hereby demands trial by jury on all issues so triable raised by the

Complaint or by this Counterclaim.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William F. Lee
WILMERHALE
60 State Street
Boston, MA  02109
Tel:  617 526 6000

Mark D. Selwyn
WILMERHALE
1117 California Avenue
Palo Alto, CA  94304
Tel:  (650) 858-6000

Kenneth H. Bridges
Michael T. Pieja
WONG CABELLO
540 Cowper Street
Suite 100
Palo Alto, CA
Tel:  (650) 681-4475

Dated:  February 24, 2010
954761 / 35035

By:  _/s/ David E. Moore_
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19899
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant and Counterclaim*
*Plaintiff Apple Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on February 24, 2010, the attached document was

electronically filed with the Clerk of the Court using CM/ECF which will send notification to the

registered attorney(s) of record that the document has been filed and is available for viewing and

downloading.

I hereby certify that on February 24, 2010, the attached document was electronically

mailed to the following person(s)

Jack B. Blumenfeld
Rodger D. Smith II
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE  19899
jblumenfeld@mnat.com
rsmith@mnat.com

Patrick J. Flinn
John D. Haynes
Keith E. Broyles
Mark A. McCarty
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA  30309
patrick.flinn@alston.com
john.haynes@alston.com
keith.broyles@alston.com
mark.mccarty@alston.com

Alan L. Whitehurst
The Atlantic Building
950 F Street, NW
Washington, DC  20004-1404
alan.whitehurst@alston.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

941557/35035